UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Baraka Ramos**, # 168930, | ) C/A No. 4:06-2236-MBS-TER |
| Plaintiff, | ) |
| vs. | ) **Report and Recommendation** |
| **Donna Elder**, Solicitor;<br>**James Galmore**, Public Defender; and<br>**John Breeden**, Judge, | ) |
| Defendants. | ) |

# *Background of this Case*

The plaintiff is pre-trial detainee at the J. Reuben Long Detention Center in Conway, South Carolina.  The J. Reuben Long Detention Center is the detention center for Horry County.  The plaintiff has brought a civil rights action pursuant to 42 U.S.C. § 1983 against three (3) persons associated with his pending criminal case.  Those persons are an Assistant Solicitor,[1] a Public Defender, and a South Carolina Circuit Judge.

---

[1] The plaintiff refers to Ms. Elder as a Solicitor.  Since it can be judicially noticed that Ms. Elder is not elected Solicitor for the Fifteenth Judicial Circuit, it appears that she is an Assistant Solicitor.

1

The complaint and the various attachments thereto indicate that the plaintiff was arrested on "Drug charges" on November 14, 2005, and taken to the J. Reuben Long Detention Center. On December 2, 2005, officials from New Jersey took the plaintiff to New Jersey. The plaintiff "maxed out" his New Jersey sentence in February of 2006.

Since the plaintiff was incarcerated in New Jersey, he was not able to attend court in South Carolina. The plaintiff contends that both "Solicitor" Elder and Public Defender Galmore knew that he was incarcerated in New Jersey, but did not inform Judge John L. Breeden, South Carolina Circuit Judge, of this fact. The plaintiff complains about the revocation of his bond and the actions of his Public Defender and the "Solicitor" assigned to his pending criminal case. An exhibit appended to the complaint (Entry No. 1-3) reveals that Judge Breeden issued a bench warrant for the plaintiff on January 20, 2006. At the time of the issuance of the bench warrant, the plaintiff was still incarcerated in New Jersey.

In his prayer for relief, the plaintiff seeks a "Fair hearing" with respect to the "False" bench warrant, release from jail, and an order that he "be treated Fairly[.]" The above-captioned case is the plaintiff's first case in the United States District Court for the District of South Carolina.

# *Discussion*

Under established local procedure in this judicial district, a careful review[2] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA").  The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing).[3]  *Pro se* complaints and petitions are

---

[2]Pursuant to the provisions of  28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[3]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly
(continued...)

held to a less stringent standard than those drafted by attorneys, <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, <u>Leeke v. Gordon</u>, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* <u>Hughes v. Rowe</u>, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and <u>Cruz v. Beto</u>, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. <u>Fine v. City of New York</u>, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. <u>Weller v. Department of Social Services</u>, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

Since the plaintiff is challenging matters pertaining to his pending criminal case, the § 1983 complaint is subject to summary dismissal because a right of action has not yet accrued. *See* <u>Heck v. Humphrey</u>, 512 U.S. 477, 129 L.Ed.2d 383, 114 S.Ct. 2364, 1994 U.S. LEXIS® 4824 (1994):

---

(...continued)
28 U.S.C. § 1915(d)], as "frivolous").

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck v. Humphrey, 512 U.S. at 486-487 (footnote omitted). *See also* Woods v. Candela, 47 F.3d 545, 1995 U.S.App. LEXIS® 2495 (2nd Cir.)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied*, Candela v. Woods, 516 U.S. 808, 133 L.Ed.2d 18, 115 S.Ct. 54, 1995 U.S. LEXIS® 5329 (1995); Treece v. Village of Naperville, 903 F. Supp. 1251 (N.D.Ill. 1995); Seaton v. Kato, 1995 U.S. Dist. LEXIS® 2380, *12-*13, 1995 WESTLAW® 88956 (N.D.Ill., February 28, 1995); and Smith v. Holtz, 879 F. Supp. 435, 1995 U.S.Dist. LEXIS® 3721 (M.D.Pa. 1995), *affirmed*, 87 F.3d 108, 1996 U.S.App. LEXIS® 15388 (3rd Cir.), *cert. denied*, Wambaugh v. Smith, 519 U.S. 1041, 136 L.Ed.2d 536, 117 S.Ct. 611, 1996 U.S. LEXIS® 7706 (1996).

Heck v. Humphrey is controlling in the above-captioned case because the events at issue took place after 1994. In any event, Heck v. Humphrey would apply retroactively. *See* Hooper v. Anderson, 50 F.3d 14, 1995 U.S.App. LEXIS® 676, *4 n. 1, 1995 WESTLAW® 11082 (9th Cir., January 10, 1995)(opinion on rehearing by panel; Heck v. Humphrey applies retroactively), *replacing* unpublished opinion reported in Hooper v. Anderson, 37 F.3d 1505, 1994 U.S.App. LEXIS® 28378 (9th Cir., October 6, 1994); and Smith v. Holtz, supra (plaintiff's Rule 60(b) motion granted because of decision in Heck v. Humphrey).

Although the decision in Heck v. Humphrey concerned a conviction, its rationale is also applicable to pre-trial detainees and to persons who are awaiting trial but are not confined (*i.e.*, persons who are awaiting trial but are "out on bond"). *See* Nelson v. Murphy, 44 F.3d 497, 1995 U.S.App. LEXIS® 116 (7th Cir. 1995)("[A]n inmate already participating in state litigation must make his stand there rather than attempt the equivalent of federal-defense removal by filing an independent § 1983 suit."); Norris v. Super Cab Co., 1994 U.S.Dist. LEXIS® 16614, 1994 WESTLAW® 665193 (N.D.Cal., November 15, 1994); Daniel v. Ruph, 1994 U.S.Dist. LEXIS® 15145, 1994 WESTLAW® 589352 (N.D.Cal., October 12, 1994); and Barnett v. Thompson, 1994

6

U.S.Dist. LEXIS® 11990, 1994 WESTLAW® 478498 (N.D.Cal., August 22, 1994).

In Daniel v. Ruph, supra, a district court applied the holding in Heck v. Humphrey to a pre-trial detainee:

> In this case, plaintiff seeks damages under § 1983 based on a violation of his Sixth Amendment right to put on a meaningful defense. A judgment in favor of the plaintiff on that claim would imply the invalidity of his ongoing criminal proceedings. If plaintiff were successful in showing that he had been denied his constitutional right to prepare his defense, any conviction which flowed from that denial would be invalidated. Therefore, the instant allegations fail to state a cognizable claim under § 1983 and are DISMISSED without prejudice. * * *

Daniel v. Ruph, supra, 1994 U.S.Dist. LEXIS® 15145, at *4-*5, 1994 WESTLAW® 589352 (footnote following quotation omitted). In an earlier case, Norris v. Patsy, 1994 U.S.Dist. LEXIS® 11302, 1994 WESTLAW® 443456 (N.D.Cal., July 29, 1994), the court noted that, under Heck v. Humphrey, supra, "[a] judgment in favor of the plaintiff here would imply the invalidity of pending state criminal proceedings which have not already been invalidated; . . . therefore, any request for damages pertinent to said proceedings is premature and must be DISMISSED."

Also on point is Hudson v. Chicago Police Department, 860 F. Supp. 521, 1994 U.S.Dist. LEXIS® 9351 (N.D.Ill. 1994), where the Honorable Marvin

7

E. Aspen, United States District Judge, ruled that the complaint was subject to dismissal under Heck v. Humphrey. Judge Aspen, however, noted that the plaintiff could bring § 1983 action at a later date if a cause of action had accrued. Judge Aspen also held that "federal courts will not entertain a claim for damages under § 1983 if disposition of the claim would entail ruling on issues in dispute in pending state proceedings." *Accord* Babcock v. Collord, 1994 U.S.Dist. LEXIS® 9661, 1994 WESTLAW® 374528 (N.D.Cal., July 5, 1994)(complaints subject to dismissal under Heck v. Humphrey can be dismissed under 28 U.S.C. § 1915(d)), *adopted*, 1994 U.S.Dist. LEXIS® 12741 (N.D.Cal., September 2, 1994).

Absent extraordinary circumstances, federal courts are not authorized to interfere with a State's pending criminal proceedings. *See*, *e.g.*, Younger v. Harris, 401 U.S. 37, 44 (1971); Harkrader v. Wadley, 172 U.S. 148, 169-170 (1898); Taylor v. Taintor, 83 U.S. (16 Wall.) 366, 370 & n. 8 (1873);[4] Nivens v. Gilchrist, 319 F.3d 151, 2003 U.S.App. LEXIS® 2453 (4th Cir. 2003); and Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 50-53 (4th

---

[4] Although the Supreme Court of the United States has not overruled Taylor v. Taintor, an unrelated portion of the decision in Taylor v. Taintor, which concerned the right of sureties to apprehend principals, has been superannuated by statute in Texas. *See* Green v. State, 829 S.W.2d 222, 223, 1992 Tex. Crim. App. LEXIS® 102 (Tex. Crim. App. 1992)("However, *Taylor* is not the law in Texas."), *affirming* Green v. State, 785 S.W.2d 955, 1990 Tex. App. LEXIS® 806 (Tex. App. Fort Worth 1990).

Cir. 1989), *cert. denied*, 494 U.S. 1030, 1990 U.S. LEXIS® 1399 (1990). In <u>Cinema Blue of Charlotte, Inc. v. Gilchrist</u>, the United States Court of Appeals for the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. <u>Cinema Blue of Charlotte, Inc. v. Gilchrist</u>, <u>supra</u>, 887 F.2d at 52. Moreover, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining such proceedings. *See also* <u>Bonner v. Circuit Court of St. Louis</u>, 526 F.2d 1331, 1336 (8th Cir. 1975)(*en banc*), *cert. denied*, 424 U.S. 946 (1976).

In <u>Bonner v. Circuit Court of St. Louis</u>, the United States Court of Appeals for the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." The *pro se* plaintiff also does not meet the tests for a preliminary injunction or temporary restraining order enunciated in such cases

9

as <u>North Carolina State Ports Authority v. Dart Containerline Company</u>, 592 F.2d 749, 750-753 & n. 3 (4th Cir. 1979).

In any event, it is clear that the plaintiff has not exhausted his state remedies. If the plaintiff is later convicted and sentenced in his pending criminal case, he has the remedy of filing a direct appeal. <u>State v. Ard</u>, 332 S.C. 370, 505 S.E.2d 328, 1998 S.C. LEXIS® 136 (1998).[5] If his direct appeal is unsuccessful, the plaintiff can file an application for post-conviction relief. *See* § 17-27-10, *et seq.*, South Carolina Code of Laws. Moreover, if a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an appeal in that post-conviction case. *See* § 17-27-100, South Carolina Code of Laws; and <u>Knight v. State</u>, 284 S.C. 138, 325 S.E.2d 535, 1985 S.C. LEXIS® 312 (1985).

It is well settled that a direct appeal is a viable state court remedy. <u>Castille v. Peoples</u>, 489 U.S. 346, 349-352, 103 L.Ed.2d 380, 109 S.Ct. 1056, 1989 U.S. LEXIS® 1040 (1989). The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act is also a viable state-court remedy. *See* <u>Miller v. Harvey</u>, 566

---

[5] Unrelated portions of the holding in <u>State v. Ard</u> have been superannuated by later case law.

F.2d 879, 880-881 (4th Cir. 1977), *cert. denied*, 439 U.S. 838 (1978); and Patterson v. Leeke, 556 F.2d 1168, 1170-1173 (4th Cir.), *cert. denied*, 434 U.S. 929 (1977).  In an application for post-conviction relief, the plaintiff can raise issues relating to ineffective assistance of counsel.  *See* Strickland v. Washington, 466 U.S. 668, 686, 80 L.Ed.2d 674, 104 S.Ct. 2052 (1984); and Brightman v. State, 336 S.C. 348, 520 S.E.2d 614, 1999 S.C. LEXIS® 164 (1999).

In the above-captioned civil rights action, this federal district court cannot order dismissal of the plaintiff's criminal charges.  Under Heck v. Humphrey, supra, "[r]elease from prison is not a remedy available under 42 U.S.C. § 1983."  Myers v. Pauling, 1995 U.S.Dist. LEXIS® 7628, 1995 WESTLAW® 334284 (E.D.Pa., June 2, 1995).  *See also* Edwards v. Balisok, 520 U.S. 641, 137 L.Ed.2d 906, 117 S.Ct. 1584, 1997 U.S. LEXIS® 3075 (1997).

James Galmore, the plaintiff's Public Defender, is subject to summary dismissal because he has not acted under color of state law.  In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: *(1)* the defendant(s) deprived him or her of a federal right, and *(2)* did so under color of state law.  *See* Gomez v. Toledo, 446 U.S. 635, 640 (1980); and American

Mfr. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50-52, 1999 U.S. LEXIS® 1711 (1999).

An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983.  *See* Deas v. Potts, 547 F.2d 800 (4th Cir. 1976)(private attorney); Hall v. Quillen, 631 F.2d 1154, 1155-1156 & nn. 2-3 (4th Cir. 1980), *cert. denied*, 454 U.S. 1141 (1982)(court-appointed attorney); and Polk County v. Dodson, 454 U.S. 312, 317-324 & nn. 8-16 (1981)(public defender).

The district court in Hall v. Quillen, supra, had disposed of the case against a physician and a court-appointed attorney on grounds of immunity. In affirming the district court's order, the Court of Appeals, however, indicated that lower courts should first determine whether state action occurred:

> * * * But immunity as a defense only becomes a relevant issue in a case such as this if the court has already determined affirmatively that the action of the defendant represented state action.  This is so because state action is an essential preliminary condition to § 1983 jurisdiction, and a failure to find state action disposes of such an action adversely to the plaintiff. * * *

Hall v. Quillen, 631 F.2d at 1155 (citations omitted).  *See also* Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982)("Careful adherence to the

'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").

Even if the plaintiff had alleged conspiracy on the part of Mr. Galmore and the Horry County Public Defender Agency, such allegations would not defeat the applicability of Heck v. Humphrey, supra.  *See* Stubbs v. Hunter, 806 F. Supp. 81, 82-83, 1992 U.S.Dist. LEXIS® 21031 (D.S.C. 1992); Wetherington v. Phillips, 380 F. Supp. 426, 428-429 (E.D.N.C. 1974), *affirmed*, 526 F.2d 591 (4th Cir. 1975)[Table]; and Joyner v. Abbott Laboratories, 674 F. Supp. 185, 191 (E.D.N.C. 1987). *See also* Parra v. New Hampshire, 40 F.3d 1235, 1994 U.S.App. LEXIS® 31915, 1994 WESTLAW® 637001 (1st Cir., November 15, 1994), where the United States Court of Appeals for the First Circuit commented:

> Given that there is no cause of action under § 1983 against the state actors, even proper allegations of conspiracy would not suffice to bring the private actors or the immune parties within the ambit of § 1983.  Therefore, even if appellant's complaint had included more than conclusory allegations of collusion and conspiracy between private defendants, the prosecutors and local officials – which it did not – the § 1983 claims against those parties would still be foreclosed by *Heck*.

Parra v. New Hampshire, 1994 U.S.App. LEXIS® 31915 at *6, 1994 WESTLAW® at *2.  *See also* Gernard v. Idhe, 1995 U.S. Dist. LEXIS® 2607, 1995 WESTLAW® 91326, *2 (N.D.Cal., February 28, 1995)("There is no way

13

that plaintiff can allege a massive conspiracy, in which over ten individuals conspired to convict him with fabricated and altered evidence, without simultaneously calling the integrity of his conviction into question."); and *cf*. Pinnick v. Mellen, 1995 U.S.Dist. LEXIS® 2883, *1, 1995 WESTLAW® 96923, *9 (D.Mass., February 28, 1995)(suit by prisoner against his former defense attorney: "The United States Supreme Court has made it clear that before a prisoner can seek injunctive or monetary relief that would call into question the validity of the conviction or sentence, he must have the conviction or sentence discredited by a state tribunal or by a writ of habeas corpus.").

The Supreme Court of South Carolina, the Court of Appeals of South Carolina, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, magistrate's courts, and municipal courts are in a unified judicial system.  *See* Article V, Section 1 of the Constitution of the State of South Carolina ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); City of Pickens v. Schmitz, 297 S.C. 253, 376 S.E.2d 271, 272, 1989 S.C. LEXIS® 5 (1989); Cort Industries Corp. v. Swirl, Inc., 264 S.C. 142, 213 S.E.2d 445, 446 (1975); and State ex rel. McLeod v. Civil and

Criminal Court of Horry County, 265 S.C. 114, 217 S.E.2d 23, 24 (1975).[6] The entity known as the South Carolina Court Administration operates the State of South Carolina's unified judicial system pursuant to the authority delegated by the Supreme Court of South Carolina. *See* Article V, Section 4 of the Constitution of the State of South Carolina; and Bailey v. State, 309 S.C. 455, 424 S.E.2d 503, 1992 S.C. LEXIS® 239 (1992). South Carolina Circuit Judges are judges in the State of South Carolina's unified judicial system. *See* In the Matter of Peeples, 297 S.C. 36, 374 S.E.2d 674, 1988 S.C. LEXIS® 140 (1988).

Since Judge Breeden has been acting as a South Carolina Circuit Judge during all times relevant times in the plaintiff's pending criminal case, he is absolutely immune from suit in this civil rights action. *See* Mireles v. Waco, 502 U.S. 9, 116 L.Ed.2d 9, 112 S.Ct. 286, 288, 1991 U.S. LEXIS® 6225 (1991); Stump v. Sparkman, 435 U.S. 349, 351-364 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); and Chu v. Griffith, 771 F.2d 79, 81 (4th Cir.

---

[6]County courts in the State of South Carolina no longer exist. Section 22 of Article V of the Constitution of the State of South Carolina (1973) allowed "any existing court" on the date of ratification to continue operating until Article V was fully implemented. State ex rel. McLeod v. Civil and Criminal Court of Horry County, 217 S.E.2d at 24 ("The Horry County Court is one of the courts continued in existence solely by virtue of the provisions of Section 22 of Article V.").

15

1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). *See also* Siegert v. Gilley, 500 U.S. 226, 114 L.Ed.2d 277, 287, 111 S.Ct. 1789, 1991 U.S. LEXIS® 2909 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); and Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability").

Assistant Solicitor Donna Elder is entitled to summary dismissal. In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors. *See* § 24 of Article V, Constitution of the State of South Carolina; and § 1-7-310, South Carolina Code of Laws. Solicitors are elected by voters of a judicial circuit. Prosecutors, including Solicitors and Assistant Solicitors, have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bond hearings, bail hearings, grand jury proceedings, and pre-trial "motions" hearings. *See* Buckley v. Fitzsimmons, 509 U.S. 259, 125 L.Ed.2d 209, 113 S.Ct. 2606, 1993 U.S. LEXIS® 4400 (1993); Burns v. Reed, 500 U.S. 478, 114 L.Ed.2d 547, 561-562 & n. 6, 111 S.Ct. 1934, 1991 U.S. LEXIS® 3018 (1991); and Dababnah v. Keller-Burnside, 208 F.3d 467, 2000 U.S.App. LEXIS® 6114 (4th Cir.

2000). Moreover, prosecutorial immunity will extend to the direct appeal and the post-conviction case. *See* Bruce v. Wade, 537 F.2d 850, 852 (5th Cir. 1976), where the Court concluded that an attorney representing a government in a habeas corpus or post-conviction case has absolute prosecutorial immunity; and Henzel v. Gerstein, 608 F.2d 654, 657 (5th Cir. 1979)(prosecutorial immunity extends to appeals). *Cf.* Lowe v. Letsinger, 772 F.2d 308, 314-315 & n. 7 (7th Cir. 1985); and Houston v. Partee, 978 F.2d 362, 365-369 & nn. 3-4, 1992 U.S.App. LEXIS® 27825 (7th Cir. 1992), *cert. denied*, Partee v. Houston, 507 U.S. 1005, 123 L.Ed.2d 269, 113 S.Ct. 1647, 1993 U.S. LEXIS® 2453 (1993).

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *, 1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh,

supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

                                       Respectfully submitted,

                                       s/Thomas E. Rogers, III  
September 11, 2006         Thomas E. Rogers, III  
Florence, South Carolina    United States Magistrate Judge

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**
**The Serious Consequences of a Failure to Do So**

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. *** This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. *** A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503
